Filed: 2/10/2020 8:54 AM
Lynne Finley
District Clerk
Collin County, Texas
By Brittany Jagger Deputy
Envelope ID: 40879119

CAUSE NO. 471-00871-2020

| | | |
|---|---|---|
| JOSE GARDUNO, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | COLLIN COUNTY, TEXAS |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jose Garduno, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiff, Jose Garduno, resides in Collin County, Texas.

3. Defendant, Allstate Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Insurance Company through its registered agent for service: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Collin County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Collin County, Texas because the insured property is located in Collin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns an Allstate Insurance Company insurance policy, number 829532218 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 3301 Riley Drive, Plano, TX 75025 ("the Property").

8. Allstate or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. Allstate has refused the full extent of that coverage currently owed to Plaintiff.

9. On or about April 6, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Plano, Texas area.

10. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0502588445 to

Plaintiff's claim.

11. Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, fence and gazebo.

13. Allstate assigned or hired Scott Masa ("Masa") to adjust the claim.

   a. Masa had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report (3) compared to that of Plaintiff's Third-Party Adjuster's (23) is evidence of fraud on the part of Masa. The valuation of damages that were included in Masa's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Masa.

   b. Furthermore, Masa was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Masa had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

   c. Masa made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

   d. Masa made further misrepresentations to Plaintiff during his inspection. Masa used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14. Allstate, through its agents, namely Masa, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15. The initial adjustment of the claim occurred on or around June 1, 2018. Masa found that there was minimal damage from a covered peril to the roof of the property, however it didn't exceed the Plaintiff's deductible.

16. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

17. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $112,601.43.

18. Since due demand was made on November 7, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

19. As stated above, Defendant failed to assess the claim thoroughly. Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

20. As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

21. Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

22. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of its liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff's coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Masa, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

27. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

28. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE INSURANCE COMPANY

### BREACH OF CONTRACT

29. All allegations above are incorporated herein.

30. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

31. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. All allegations above are incorporated herein.

33. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39. All allegations above are incorporated herein.

40. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

41. Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42. Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. All allegations above are incorporated herein.

44. Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46. All allegations above are incorporated herein.

47. Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

    a. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations

include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

b. Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

c. Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

d. Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

e. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

f. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

g. Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48. Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49. All allegations above are incorporated herein.

50. Allstate is liable to Plaintiff for common-law fraud.

51. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52. Allstate made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## KNOWLEDGE

53. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

54. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

55. Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

56. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

58. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

59. The damage to Plaintiff's Property is currently estimated at $112,601.43.

60. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

63. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the

Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiff, Jose Garduno, has and recovers from Defendant, Allstate Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance

with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Jose Garduno, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF